5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert BARLOW, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 92-16744.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Barlow appeals pro se the district court's summary judgment in favor of the Veterans Administration ("VA"). In the action below, Barlow alleged that the VA (1) wrongfully denied his claim for death pension benefits; and (2) violated the federal Privacy Act, 5 U.S.C. Sec. 552a. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 * The district court held that it lacked jurisdiction over Barlow's benefits claim because Barlow failed to exhaust his administrative remedies. The applicable statutes dealing with veterans' benefits do not explicitly require claimants to exhaust their administrative remedies before seeking relief in court. Therefore, the decision whether to apply exhaustion rules is within the discretion of the district court. Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988); cf. Ewing v. Derwinski, 2 Vet.App. 459, 461 (1992) (stating that Court of Veterans Appeals "may not preempt the [Board of Veterans Appeals] and hear the merits of a claim" when appellant fails to exhaust administrative remedies).
 
 
 4
 It is undisputed that the Board of Veterans Appeals ("BVA") has not rendered a final decision on Barlow's claim for benefits. In fact, the BVA remanded Barlow's claim to the VA for further evidentiary development as to whether Barlow's childhood head injuries are related to his current physical and psychiatric problems. The BVA also directed the VA to review Barlow's claim once the evidence was gathered.[1]
 
 
 5
 We are not unmindful of the fact that Barlow has been seeking benefits since 1979. Nevertheless, the BVA is willing to consider further evidence regarding Barlow's condition and a favorable decision by the BVA could obviate the need for judicial review. Moreover, we are unable, on the record before us, to decide whether Barlow is entitled to redress. We therefore conclude that the district court did not err by dismissing on the ground that Barlow failed to exhaust his administrative remedies. See Morrison-Knudsen Co., 811 F.2d at 1223; cf. Ewing, 2 Vet.App. at 461.[2]
 
 II
 
 6
 The district court granted summary judgment on Barlow's Privacy Act ("Act") claim because Barlow failed to allege what information the VA disclosed or that the VA disclosed any information in his record.
 
 
 7
 Although Barlow's pleadings are rather vague, we discern three possible bases for his Privacy Act claim. First, Barlow appears to complain about the VA's request for his medical records. This is not a violation of the Act, however, because the VA is authorized to request such information, see 38 U.S.C. Sec. 501(a)(1), and Barlow's medical information is relevant and necessary to his claim for benefits, see 5 U.S.C. Sec. 552a(e)(1). Second, Barlow also appears to complain that the VA may disclose his medical information to the Department of Justice. Barlow failed, however, to allege with specificity any disclosure by the VA to the Justice Department. Finally, Barlow alleges that the VA furnished false information to the Army Finance Center in Indianapolis, Indiana. Nevertheless, Barlow failed to allege what information the VA may have disclosed and there is otherwise no evidence to support Barlow's allegation. The district court did not err by granting summary judgment for the VA on Barlow's Privacy Act claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to the BVA's order, the VA has sought to have Barlow undergo tests either in Dallas, Texas or Los Angeles, California because the VA hospitals in those cities are equipped to perform special diagnoses of Barlow's narcolepsy. Barlow, who lives in Phoenix, Arizona, has refused despite the VA's offer to pay his travel expenses
 
 
 [2]
 In addition, even if the BVA's decision was final, exclusive jurisdiction to review that decision would lie in the United States Court of Veterans Appeals. 38 U.S.C. Secs. 511, 7252